# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | |
|---|---|
| TENNESSEE RIVERKEEPER, INC., ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:20-cv-00034 |
| CITY of MANCHESTER, TENNESSEE, ) | CEA/SKL |
| ) | |

## JOINT MOTION FOR ENTRY OF CONSENT DECREE AND STATEMENT IN SUPPORT

On November 15, 2022, the parties, through their counsel of record, lodged with the Court a proposed Consent Decree to resolve all issues raised by the Plaintiff's Complaint of July 9, 2020. The parties submit this joint motion and statement to demonstrate that the standard for the Court's entry of a Consent Decree has been met here and to request that the court enter the Consent Decree.

In further support of their motion, the parties would show to the court as follows:

1. In accordance with 40 C.F.R. § 135.5, a copy of the proposed Consent Decree was mailed to the U.S. Department of Justice, Citizen Suit Coordinator ("DOJ"), via certified mail, return receipt requested, on November 17, 2022.

2. The DOJ has responded with a letter dated January 10, 2023, which is being filed with this Motion and which states the United States does not object to the proposed Consent Decree. The letter states, in part, as follows:

In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 525-56 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project (SEP) payment sufficient to deter future violations, or combinations of the above.

Given the facts of this case, the United States has no objection to the proposed consent judgment. The fact that we do not have a basis to object to this consent judgment does not imply approval of this instrument.

3. The criteria to be applied when considering a consent decree is well established:

The criteria to be applied when a district court decides whether to approve and enter a proposed consent decree, are whether the decree is " 'fair, adequate, and reasonable, as well as consistent with the public interest.' " *United States v. County of Muskegon,* 298 F.3d 569, 580–81 (6th Cir.2002) (quoting *United States v. Jones & Laughlin Steel Corp.,* 804 F.2d 348, 351 (6th Cir.1986)). In *United States v. Akzo Coatings of America, Inc.,* 949 F.2d 1409, 1426 (6th Cir.1991), we characterized "the standard of fairness, reasonableness and consistency with the statute" as "our court's general test for consent decrees."

*United States v. Lexington-Fayette Urban Cty. Gov't.,* 591 F.3d 484, 489 (6th Cir. 2010).

4. The parties respectfully submit that this standard is met in the present case. This Decree requires Manchester to comply with the Agreed Order between Manchester and TDEC, case number WPC12-0138, a copy of which is being filed

herewith, and contains provisions which, when completed, should bring Manchester into compliance with their Permit and the Clean Water Act. At the time of the filing of this lawsuit, it was alleged that Manchester had failed to meet its deadlines under the Agreed Order and TDEC had not taken actions to enforce compliance. By this Decree, Manchester agrees to comply with the terms of the Agreed Order and any subsequent or supplemental order. TDEC is now working with the City to address order completion dates. Under the consent decree, Manchester will provide Riverkeeper with quarterly reports so that Riverkeeper can monitor compliance with the remedial actions. Additionally, Manchester agrees to cure certain chronic overflows identified in the Consent Decree on or before December 31, 2025, with the exception of the one identified as "A-37, Johnny Brown #2", which Manchester agrees to cure by December 31, 2027. The result of this work will greatly benefit the public.

5. The Decree is fair, adequate, and reasonable in that it places no onerous burden on the City and requires it to meet its obligation to TDEC and the public to come into compliance with the Clean Water Act and its permit in a way which can be monitored by Riverkeeper and enforced. Public interest is satisfied if the federal statute is complied with. Riverkeeper contends, in this case, that compliance with the statute, and with the City's permit, requires that the City take all adequate steps to avoid overflows, and compliance with this Decree should achieve that purpose.

Riverkeeper believes that the actions required of the City by this Decree provide the most effective and expeditious method of achieving compliance with the statute and the City's NPDES permit.

Accordingly, the parties respectfully request that the Court enter the Consent Decree.

Respectfully submitted,

*/s/ Mark E. Martin*
Mark E. Martin (Alabama Bar No. ASB-9361-A41M)
P. O. Box 1486
Oneonta, AL 35121
(205) 516-9350
mmartin@markemartin.com

*/s/ L. Craig Johnson*
L. Craig Johnson
City Attorney
224 West Fort Street
Manchester, Tennessee 37355
lcjjudge@aol.com